FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 22 2001

*[signature]*
CLERK

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN S. PISCOTTY,

        **Plaintiff,**

v.                        **No. CIV 99-993 BB/KBM**

**PRUDENTIAL SECURITIES, INC.,**

        **Defendant.**

**PLAINTIFF'S REQUESTED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    Plaintiff John S. Piscotty submits these requested findings of fact and conclusions of law on front pay conditionally in the event the Court rules that it rather than the jury will decide issues relating to front pay and without waiver of its position that the jury should decide issues relating to front pay.

<u>Findings of Fact</u>

    1.      Defendant Prudential Securities, Inc. ("PSI") is an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* and Plaintiff was employed as is an "employee" of PSI until his discharge on December 21, 1998.

    2.      The Court finds that reinstatement would not be appropriate in this case due to the hostility that exists between PSI and Plaintiff and the fact that PSI reassigned all of the accounts Plaintiff serviced to other financial advisors.  Front pay is therefore appropriate.  (Testimony of Plaintiff)

    3.      Plaintiff intended to retire in 2013 and that the preponderance of the evidence establishes that he will sustain losses through that date due to his termination



1

of employment by PSI.  Plaintiff is entitled to front pay through 2013.  (Testimony of Plaintiff)

4.      Plaintiff's income at PSI would have grown at the rate of 10% per year and his income at Mutual of New York (MONY), where he presently works, also can be expected to grow at 10% per year.  (Testimony of Plaintiff; Ex. 67)

5.      A discount factor of 6% is appropriate to discount Plaintiff's front pay to present value.  (Testimony of Plaintiff; Ex. 67)

6.      Plaintiff would have earned cash compensation of $244,017 from February to December 2001 had he not been terminated by Prudential Securities, Inc., and thereafter his cash compensation would have grown annually by 10%.  (Testimony of Plaintiff; Ex. 67)

7.      Plaintiff will likely earn cash compensation of $35,292 from MONY from February to December 2001, and thereafter his cash compensation likely will grow annually by 10%.  (Testimony of Plaintiff; Ex. 67)

8.      The present value of Plaintiff's future lost wages through 2013 is $3,277,826.  (Testimony of Plaintiff; Ex. 67)

9.      Plaintiff earned performance & longevity bonuses on an annual basis at PSI.  The present value of the performance & longevity bonuses Plaintiff would have earned at PSI from the time of trial through 2013 had he not been discharged is $245,738.  (Testimony of Plaintiff; Ex. 67)

10.     While employed by PSI Plaintiff was the beneficiary of an asset accumulation plan.  Had Plaintiff not been discharged by PSI, he would have earned asset accumulation plan benefits from the time of trial through 2013 that have a present value of $91,661.  (Testimony of Plaintiff; Ex. 67)

2

11.     While employed by PSI Plaintiff received retirement accumulation plan awards. Had Plaintiff not been discharged by PSI, he would have earned retirement accumulation plan awards from the time of trial through 2013 that have a present value of $112,402. (Testimony of Plaintiff, Ex. 67)

12.     Since Plaintiff's discharge, PSI has implemented a MasterShare plan to benefit its employees. Had Plaintiff not been discharged by PSI, he would have received MasterShare plan benefits from the time of trial through 2013 that have a present value of $349,464. (Testimony of Plaintiff, Ex. 67)

13.     While Plaintiff was employed at PSI, PSI maintained a 401(k) plan and made matching contributions to that plan. Plaintiff participated in the plan. Had Plaintiff not been discharged by PSI, he would have received 401(k) plan contributions from the time of trial through 2013 that have a present value of $21,667. (Testimony of Plaintiff, Ex. 67)

14.     While Plaintiff was employed at PSI he was a recipient of employer paid life insurance benefits. Had Plaintiff not been discharged by PSI, he would have received life insurance benefits from the time of trial through 2013 that have a present value of $13,867. (Testimony of Plaintiff, Ex. 67)

15.     The present value of Plaintiff's total lost future wages, earnings and benefits is $4,112,624.(Testimony of Plaintiff, Ex. 67)

16.     Because the jury has made a finding of willfulness, Plaintiff is entitled to liquidated damages in an amount equal to the back pay, including deferred compensation, found by the jury.

<u>Conclusions of Law</u>

1.      The foregoing findings of fact are incorporated herein as conclusions of law.

2.      At all times material hereto Defendant PSI has been an employer as that term is defined in 29 U.S.C. § 630 and Plaintiff is a person within the meaning of that section.

3.      The jury having found that Plaintiff's age was a determining factor in PSI's termination of his employment and the Court having found that reinstatement is not feasible, Plaintiff is entitled to front pay pursuant to 29 U.S.C. § 626(b).

4.      The front pay period shall run until the time Plaintiff intended to retire in 2013.

5.      The amount of front pay to be awarded to Plaintiff reduced to present value is $4,112,624.

6.      Pursuant to 29 U.S.C. § 626(b), Plaintiff is entitled to an award of liquidated damages equal in amount to the back pay, including deferred compensation, as found by the jury.

NOEDING & MOODY, P.C.

By: _____
        Christopher M. Moody
        Whitney Warner
        4300 San Mateo Blvd. NE, Suite B260
        Albuquerque, New Mexico  87110
        (505) 878-0515
        ATTORNEYS FOR PLAINTIFF

4

We hereby certify that we have served by mail
a true and correct copy of the foregoing pleading
upon the following opposing counsel of record this
22nd day of January, 2001:

Joseph L. Hood, Esq.
SCOTT, HULSE, MARSHALL, FEUILLE,
   FINGER & THURMOND, P.C.
P. O. Box 99123 (79999)
201 East Main, 11th Floor
El Paso, TX  79901

NOEDING & MOODY, P.C.

By: _____